(162 App. Div. 4)

### HENDERSON v. DELPARK PRODUCTIONS.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

WITNESSES (§ 405*)—IMPEACHMENT—MODE OF IMPEACHMENT.

The answer of a corporation, verified by its secretary, cannot be used to impeach the testimony of the president of the corporation on a matter not relevant; the answer not being a statement of the witness or an admission by defendant corporation of a material fact.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. § 405.*]

Appeal from Trial Term, New York County.

Action by Mark M. Henderson against the Delpark Productions. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

See, also, 156 App. Div. 937, 141 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James W. Osborne, of New York City, for appellant.
M. S. Guiterman, of New York City, for respondent.

SCOTT, J. The verdict, at least so far as it relates to the extra compensation claimed by plaintiff, is so clearly against the weight of the evidence that the judgment based upon it cannot be allowed to stand. It would be unnecessary to say anything further, were it not for an error which was committed in permitting an improper use to be made of the answer, which the respondent now defends with such apparent sincerity, that we apprehend that a similar use may be attempted to be made of it on the new trial.

In the course of the trial an issue of fact arose between plaintiff and the president of defendant as to whether plaintiff had been dismissed from defendant's employ or had voluntarily left it. It was not really of any importance how the relation of employer and employé had been severed; but the question of veracity, or difference of recollection, between the witnesses, was important for its possible bearing upon other issues as to which their testimony differed radically. Defendant's president testified that he had discharged plaintiff. The answer alleged in terms that plaintiff had left defendant's employ voluntarily. This answer was not verified by defendant's president, but by its secretary, who was not a witness upon the trial. Counsel for plaintiff in his summing up was permitted, over objection and exception, to read the answer to the jury and to comment upon it, not as containing an admission of a relevant fact, but as impeaching and contradicting defendant's president. Such a use of the answer was clearly improper. If the president had verified the answer, and it had contained a statement at variance with his testimony upon the stand, the discrepancy might properly have been used to impeach him, or if it had been a relevant question whether or not plaintiff had voluntarily left defendant's employ, the answer might have been used as an admission by defendant; but to permit the use of an answer verified by some one else to

be used to impeach the veracity of a witness who had not signed it was obviously erroneous, and we cannot say, in view of the verdict, that the jury may not have been misled thereby.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.    All concur.